# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-1197

Michael Sposato, Individually and on Behalf of All Others Similarly Situated,
    Plaintiff,

v.

Crandall Drilling & Pump Service, LLC, and Howard Crandall,
    Defendants.

---

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

---

COMES NOW Plaintiff Michael Sposato ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Crandall Drilling & Pump Service, LLC, and Howard Crandall (collectively "Defendant" or "Defendants"), and in support thereof they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated hourly-paid workers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendants' failure to pay Plaintiff and other hourly-paid workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II. JURISDICTION AND VENUE

5. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. The witnesses to the wage violations herein reside in this District.

8. The records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

9. Plaintiff is a resident and citizen of Arapahoe County.

10. Separate Defendant Crandall Drilling & Pump Service, LLC ("Crandall Drilling"), is a domestic limited liability company.

11. Crandall Drilling's registered agent for service is Howard Crandall, at 57065 East Colfax, Strasburg, Colorado 80136.

12. Separate Defendant Howard Crandall ("Crandall") is an individual and resident of Colorado.

13. Defendants maintain a website at https://crandalldrilling.com/.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Crandall is owner, principal, officer and/or director of Crandall Drilling.

16. Crandall manages and controls the day-to-day operations of Crandall Drilling, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week

17. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the collective.

18. Defendant's primary business is providing water well services, such as drilling and pump repair.

19. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as solar panels, vehicles, and drilling tools.

20. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

21. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

22. Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

23. Specifically, Plaintiff was employed by Defendant from September of 2015 until January of 2020 as a foreman.

24. As a foreman, Plaintiff was paid an hourly rate.

25. At all relevant times herein, Defendant directly hired Plaintiff and similarly situated employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. Plaintiff and similarly situated hourly employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

27. Defendant paid Plaintiff and similarly situated hourly employees one and one-half times their base hourly rate for some hours worked over forty (40) in each week, but not for all hours worked over forty (40) in each week.

28. Upon information and belief, Defendant's pay practices were the same for all hourly employees.

29. Plaintiff received nondiscretionary bonuses based on productivity.

30. However, Defendant did not include the bonuses that were paid to Plaintiff and in his regular rate when calculating overtime pay.

31. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

32. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the nondiscretionary bonuses, in the regular rate when calculating Plaintiff's overtime pay.

33. Defendant failed to pay Plaintiff and all others similarly situated a sufficient overtime premium for all hours worked over forty each week.

34. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

35. Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs and other hourly-paid workers violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff brings his FLSA claims on behalf of all hourly-paid workers employed by Defendant at any time within the applicable statute of limitations period, who

were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

    B.    Liquidated damages; and

    C.    Attorneys' fees and costs.

39.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B.    They were paid hourly rates;

    C.    They worked over forty hours in at least one week within the past three years; and

    D.    They were subject to Defendant's common policy of failing to pay an overtime premium for all hours worked over forty in each week.

41.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds five (5) persons.

42.    Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved

Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

60.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

61.   29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

62.   Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

63.   Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including bonuses paid to Plaintiff in his regular rate when calculating his overtime pay.

64.   Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

65.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

66.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

67. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

69. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

70. Plaintiff brings this collective action claim on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

71. Plaintiff brings this action on behalf of himself individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

72. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

73. In the past three years, Defendant has employed at least five (5) hourly-paid workers.

74. Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

75. Defendant failed to pay Plaintiff and all similarly situated employees an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty hours per week.

76. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **All hourly employees who worked more than forty (40) hours in any week within the past three years.**

77. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

78. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

79. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violations of
### CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, C.C.R. § 1103-1)

80. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

81. Plaintiff regularly worked more than forty (40) hours per workweek.

82. Defendants failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

83. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

84. Because Defendants willfully violated the CWA and CMWO, a three (3) year statute of limitations shall apply to such violations.

85. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michael Sposato respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

  D. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

  E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

  F. A declaratory judgment that Defendants' practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

  G. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

  H. An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

  I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MICHAEL SPOSATO, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ April Rhéaume _____
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

/s/ Josh Sanford _____
Josh Sanford
Colo. Bar No. 44358
josh@sanfordlawfirm.com